UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**HENRY PAUL RICHARDSON,**           )
                                    )
    **Plaintiff,**  )
                                    )
  v.                       )   Civil Action No. 13-1202 (ESH)
                                    )
**UNITED STATES OF AMERICA,**        )
                                    )
    **Defendant.** )
_____ )

## MEMORANDUM OPINION

  Plaintiff Henry Paul Richardson, who is proceeding *pro se*, filed the above-captioned case under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Before the Court is defendant's motion for summary judgment. (Def.'s Mot. for Summary Judgment, June 9, 2014 [ECF No. 19].) For the reasons stated herein, that motion will be granted.

  The following facts are deemed admitted.[1] This litigation arises out of three related FOIA requests, dated July 1, 2009, June 7, 2011, and December 19, 2011, that plaintiff submitted to the Federal Bureau of Investigation ("FBI"). (Def.'s Statement of Undisputed Material Facts ¶¶ 2-13, June 9, 2014 [ECF No. 19-1] ("Undisputed Facts") (citing Hardy Decl. ¶¶ 8-15, 17-19, 26, 37-40 [ECF No. 19-3] and exhibits thereto).) In response, the FBI located and processed 181 pages of responsive records from its main investigative file and released 56 pages, with certain redactions. (*Id.* ¶ 9 (citing Hardy Decl. ¶ 15 & attachment H thereto).) On January 24, 2012,

---

[1] "In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *See* Local Civil Rule 7(h).

plaintiff filed an appeal with the Office of Information Policy at the United States Department of Justice ("OIP"). (*Id.* ¶ 14 (citing Hardy Decl. ¶¶ 20-21 & attachments M & N thereto).) On September 26, 2012, the OIP affirmed the FBI's withholding and redactions pursuant to FOIA exemptions and denied plaintiff's request for an index itemizing the withheld documents, but remanded the matter to the FBI for "further processing of some of the responsive records." (*Id.* ¶ 15 (citing Hardy Decl. ¶ 22 & attachment O thereto); *see also* Hardy Decl., Ex. O (citing 5 U.S.C. § 552(b)(6), (7)(C), (7)(D), & (7)(E); 5 U.S.C. § 552a(j)(2)).)

On August 5, 2013, plaintiff filed the above-captioned matter, asking the Court to compel the FBI to comply with the OIP remand order. (Compl. at 1 [ECF No. 1].) Thereafter, on April 22, 2014, the FBI conducted an additional search of its records, which resulted in its locating and processing an additional 194 pages of responsive records, out of which it released 84 pages, with redactions and withholdings based on Privacy Act (j)(2) and FOIA Exemptions (6), (7)(C), (7(D), and (7)(E). (Undisputed Facts ¶¶ 18-19 (citing Hardy Decl. ¶ 25).)

On June 9, 2014, defendant filed the pending motion for summary judgment, along with its statement of undisputed material facts, a memorandum of law in support thereof, a declaration from David M. Hardy, the Section Chief of the Record/Information Dissemination Section, Records Management Division of the FBI, and exhibits. Defendant argues that summary judgment is warranted because it has now complied with the OIP remand order. As required, plaintiff was advised that "'any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion.'" (*See* Order at 1, July 2, 2014 [ECF No. 21] (quoting *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)); *id*. at 2 (citing Fed. R. Civ. P. 56(e) & LCvR 7(h)).) Plaintiff was further advised that pursuant to Local Civil Rule 7(b), the failure to file a timely

response to defendant's motion could result in the Court treating the motion as conceded and entering judgment for defendant. (*Id.* at 3 (citing LCvR 7(b) ("Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.").) Plaintiff's response to defendant's motion was due on July 23, 2014. (Order, July 2, 2014 [ECF No. 21].) To date, no response has been filed.

Federal Rule of Civil Procedure 56(a) states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, defendant has satisfied this standard. Due to plaintiff's failure to respond to defendant's motion, it is undisputed that defendant has conducted the "further processing" required by the OIP remand order. Given that, plaintiff has obtained all of the relief he seeks, and defendant is entitled to judgment as a matter of law.

A separate Order accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 21, 2014

.